**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph A. Ruelas; Angelica D. Ruelas fka Angelica D. Nehrling,<br><br>Plaintiffs,<br><br>vs.<br><br>Sun American Mortgage Company, et al.,<br><br>Defendants. | No. CV 12-01160-PHX-NVW<br><br>**ORDER** |

Before the Court are motions to dismiss by Fannie Mae Remic Trust 2005-111, Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and Bank of America, N.A. (Doc. 9) and by Sun American Mortgage Company (Doc. 12). Plaintiffs filed a response to each motion to dismiss. (Docs. 13, 14.) Defendants filed replies in support of their motions. (Docs. 18, 19.)

**I.    LEGAL STANDARD**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid

dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

Certain elements of fraud claims must satisfy a higher standard of pleading under the Federal Rules of Civil Procedure.  In alleging fraud or mistake, malice, intent, knowledge, and other conditions of a person's mind may be alleged generally, but the circumstances must be alleged with particularity. Fed. R. Civ. P. 9(b).  Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).  Plaintiffs alleging fraud "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## II.   ANALYSIS

This dispute arises out of a loan Plaintiffs obtained from Sun American Mortgage Company in 2005, evidenced by a promissory Note and Deed of Trust, involving the real property located at 2281 East Honeysuckle Place, Chandler, Arizona 85249.  Plaintiffs

initiated this lawsuit by filing a Complaint in this Court on January 11, 2012. Among other things, the Complaint alleges that Plaintiffs defaulted on their loan and all parties that participated in the origination of or sale and purchase of the Note have ceased business operations or have filed for bankruptcy protection. It appears that a trustee's sale of the real property has been noticed, cancelled, and re-noticed, but not conducted. Plaintiffs' responses to the motions to dismiss do not respond to most of the issues raised in the motions.

The Complaint identifies six causes of action: (1) wrongful foreclosure, (2) fraud, (3) quiet title, (4) declaratory relief, (5) violation of the Real Estate and Settlement Procedure Act, 12 U.S.C. 2601 *et seq.* and (6) violation of the Truth in Lending Act, 15 U.S.C. 1641(g). Plaintiffs' allegations are founded primarily on the discredited "show me the note theory" that has been repeatedly rejected by this Court, as well as the Arizona Supreme Court. In *Hogan v. Washington Mutual Bank, N.A.*, __ Ariz. __, 277 P.3d 781, 782, 783 (2012), the Arizona Supreme Court held that "Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure" and Arizona's trust deed statutes do not require compliance with the UCC before a trustee commences a non-judicial foreclosure. *See, e.g.*, *Geddes v. HSBC Bank USA*, No. CV12-0667-PHX-FJM, 2012 WL 1977277, *1 (D. Ariz. 2012) (observing that in *Hogan* the Arizona Supreme Court confirmed what had long been the holding of the U.S. District Court for the District of Arizona and the Arizona Court of Appeals).

Regarding Plaintiffs' first claim, wrongful foreclosure, Arizona courts have not yet recognized a cause of action for wrongful foreclosure. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011). Even in states that recognize a claim for wrongful foreclosure, such claims typically are available after foreclosure and premised on allegations that the borrower was not in default or on procedural issues that resulted in damages to the borrower. *Id.* Such allegations are not present here. Further,

the wrongful foreclosure claim as alleged in the Complaint relies on the discredited "show the note" theory.

Plaintiffs' second claim, fraud, alleges that all Defendants misrepresented that they are the "holder and owner" of the Note and failed to disclose certain information about the securitization of the loan. The claim does not satisfy Rule 9(b)'s particularity requirement because it does not identify statements that were false in fact and by which Defendant they were made. Moreover, it relies substantively on the discredited "show the note" theory.

Plaintiffs' third claim to quiet title and fourth claim for declaratory relief are dependent on establishing their other claims.

Plaintiffs' fifth and sixth claims under the Real Estate Settlement Procedure Act and Truth in Lending Act, respectively, are alleged against all Defendants and do not include enough factual content to allow the Court to draw a reasonable inference that any Defendant is liable for any specific misconduct. Further, Plaintiffs did not respond to Defendants' assertion that both claims were filed after the statutory time limit for filing an action under 12 U.S.C. § 2614 and 15 U.S.C. § 1640(e). Because the Complaint does not adequately allege facts of the alleged violations to determine when the limitations periods began to run, the Court does not dismiss the claims on that basis at this time.

Therefore, all of Plaintiffs' claims will be dismissed because they fail to state a claim upon which relief can be granted.

## III.   LEAVE TO AMEND

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs will be given an opportunity to amend their complaint to make clear their allegations in short, plain statements that state a plausible claim for relief. Any amended complaint must conform to the requirements of Rule 8(a), 8(d)(1), and 9(b) of the Federal Rules of Civil Procedure. Plaintiffs are warned that if they elect to file an amended complaint and fail to comply with the Federal Rules of Civil Procedure, their

case will be dismissed. *See* Fed. R. Civ. P. Rule 41(b); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint").

IT IS THEREFORE ORDERED that the Motion to Dismiss by Fannie Mae Remic Trust 2005-111, Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and Bank of America N.A. (Doc. 9) and the Motion to Dismiss by Sun American Mortgage Company (Doc. 12) are granted.

IT IS FURTHER ORDERED that Plaintiffs may file an amended complaint by August 31, 2012. The Clerk is directed to terminate this case without further order if Plaintiffs do not file an amended complaint by August 31, 2012.

Dated this 8th day of August, 2012.

_____
Neil V. Wake
United States District Judge